UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C20-6187-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disable. She argues the ALJ erroneously rejected her testimony and failed to include all limitations assessed by the state agency psychologists, John Robertson Ph.D. and Michael Regrets, Ph.D. Dkt. 16 at 1. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    Medical Opinions of Drs. Robertson and Regrets**

Drs. Robertson and Regrets opined Plaintiff is limited to performing 1-3 step instructions, non-detailed instructions with occasional supervisor instruction/redirection, occasional social interaction with coworkers and supervisors and infrequent changes. Tr. 24. The ALJ found the opinion "somewhat persuasive" discounting the limitations regarding infrequent changes and

ORDER REVERSING AND REMANDING - 1

social interactions as inconsistent with the evidence. Tr. 24. Plaintiff argues the ALJ harmfully erred by failing to provide reasons to discount the doctors' opinion Plaintiff is limited to work involving 1-3 three steps instructions, and failing to include the restriction in the RFC determination or in the hypothetical questions posed to the vocational expert (VE). Dkt. 16 at 11.

The Commissioner concedes "the ALJ did not explicitly discount the 1-3 step instruction limitation," but argues the Court can discern the ALJ's rationale by looking at the ALJ's step three findings. Dkt. 18 at 7. The argument fails. First, a clear statement of the ALJ's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir.2006). Here the ALJ provided no rationale for rejecting the 1-3 step limitation.

Second, the suggestion the ALJ's step three discussion makes the ALJ's RFC findings discernable is misguided. Step three and RFC determinations serve different functions, address different issues, and involve separate findings. If the claimant does not meet or equal the requirements of a Listed Impairment at step three, the Commissioner must then assess all relevant evidence to determine the claimant's RFC to perform work-related activities, despite the limitations imposed by his severe impairment or combination of impairments. 20 CFR §§ 404.1520(e), 416.920(e); Social Security Ruling 96–8p, 1996 WL 374184 (July 2, 1996); *see also Keith K. Commissioner of Soc. Sec.*, 2019 WL 4889095 at * 3 (W.D. Wash. Oct. 3, 2019).

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling 96–8p, 1996 WL 374184 (July 2, 1996). Ruling 96-8 further states: "Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of the case." *Id.*

Here in assessing plaintiff's RFC, the ALJ failed to address the 1-3 step limitation. The ALJ's step three findings are not a substitute as the commissioner suggests, and the ALJ accordingly harmfully erred.

Third, the Commissioner argues the evidence supports the ALJ's RFC determination that Plaintiff can perform "semi-skilled" work. Dkt. 18 at 8-9. The argument implies the ALJ rejected the 1-3 step limitation as contradicted by other evidence. The ALJ made no such finding and the argument is thus an impermissible post-hoc rationale upon which the Court cannot rely.

And lastly, the Commissioner argues the ALJ's error is harmless because "a restriction to 1-3 step tasks is consistent with level 2 reasoning" jobs the VE testifed Plaintiff can perform. Dkt. 18 at 9-10. In support the Commissioner cites cases in which the ALJ found the claimant was limited to simple, repetitive work and the VE provided testimony identifying such jobs. *See Ray v. Comm'r of Social Sec. Admin.*, 2019 WL 77432, at *1 (W.D. Wash. Jan. 2, 2019) (VE identified simple repetitive work consistent with RFC limiting claimant to this level or work); *Kaitlyn B. v. Comm'r*, 2021 WL 2432324 at *5 (W.D. Wash June 15, 2021) ("1-3-step tasks is reasonably consistent with a limitation to simple, routine work."); *Bannister v. Colvin*, 2016 WL 5141722, at *5 (W.D. Wash. Sep. 21, 2016); *Pharris v. Astrue*, 2011 WL 3882508, at *12( E.D. Cal. Sep. 2, 2011) (finding an RFC restriction to "simple routine tasks" to be consistent with "[a] limitation to three and four step instructions" and jobs requiring Level 2 reasoning.).

In contrast, the ALJ found Plaintiff has the RFC to perform semi-skilled work and asked the VE to assume this RFC in determining whether there are jobs Plaintiff can perform. Tr. 75. At step five the Commissioner has the burden to show Plaintiff is not disabled because she can perform work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2). The VE however was asked to assume Plaintiff could perform semi-skilled work

ORDER REVERSING AND REMANDING - 3

and the VE's testimony is therefore not a basis to uphold the ALJ's step-five finding. *See Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.") (citation omitted).

In sum, the ALJ harmfully erred in fashioning an RFC determination that failed to account for a limitation assessed by Drs. Robertson and Regrets and by posing a hypothetical VE question that failed to include the limitation.

**B.      Plaintiff's Testimony**

Plaintiff contends the ALJ erroneously rejected her testimony about the severity of her pain from migraine headaches, and physical problems from carpal tunnel syndrome. Dkt. 16 at 2. Plaintiff does not challenge the ALJ's determination to discount Plaintiff's testimony about her mental limitations, and the Court thus affirms that determination.

The ALJ discounted Plaintiff's testimony about her migraine headaches on the grounds Plaintiff received conservative treatment, there are no objective medical findings showing nerve or brain abnormality, she did not follow-up on CPAP therapy, and Plaintiff was not treated after her January and June 2018 appointments in which she reported improvement. Tr. 21-22. The ALJ erred. The ALJ found Plaintiff's migraines were severe and could reasonably cause the limitations she alleged. The lack of objective evidence regarding her headaches is thus not grounds to reject her testimony. *See e.g. Spiteri v. Colvin*, No. 16-1937, 2016 WL 7425924 at *11 (N.D. Cal. Dec. 23, 2016) (There is no test for migraine headaches."); *McPherson v. Colvin,* No. 15-5363, 2015 WL 6692243, at * 5 (W.D. Wash. Nov. 2, 2015) ("there is no objective clinical test which can corroborate" existence of migraine headaches.).

The ALJ also erred in rejecting Plaintiff's testimony on the grounds she received conservative treatment and her symptoms improved with treatment. While Plaintiff's symptoms improved with treatment, the ALJ did not account for the degree of improvement. In January 2018, Plaintiff reported with treatment she was suffering migraine headaches 2-3 times a week, rather than daily. Tr. 1777. The ALJ's finding Plaintiff is not disabled does not account for migraines occurring 2-3 times a week or the VE's testimony that missing work, leaving early or coming in late more than once a month, or being off task more than 15% would preclude employment. Tr. 77.

As to conservative treatment, there is no indication there is more treatment Plaintiff could have received that would have materially improved her migraine symptoms. The record does indicate CPAP was recommended, and Plaintiff did not follow-up. But, the ALJ failed to account for Plaintiff's statement to her doctor that she did not follow-up "because of concerns about being able to afford the cost share." *Id*. The ALJ accordingly harmfully erred in discounting Plaintiff's testimony about the severity of her headaches.

The Commissioner argues the ALJ also rejected Plaintiff's testimony about headaches as inconsistent with her activities of daily living. The ALJ noted those activities, Tr. 20-21, but did not ALJ rely upon them to reject Plaintiff's headache testimony, Tr. 22, and thus neither can the Court. The ALJ did find Plaintiff's testimony less credible because she "laughed at her hearing and seemed in good spirits, managed medications and appointments for her son and husband, plays Pokémon-Go and supervises her husband while he cooks. Tr. 25. These minimal activities are not inconsistent with Plaintiff's testimony and do not themselves display ability to perform gainful work and thus not valid grounds to reject Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony about the severity of her hand impairments finding she had "merely carpal tunnel syndrome in the wrists and received conservative treatment that significantly improved her symptoms Tr. 22. This is a conclusory and insufficient basis to support the RFC determination here. The record does not establish what the improvement means in functional terms and improvement does not itself this contradict Plaintiff's testimony.

**CONCLUSION**

The Court finds the ALJ harmfully erred in rejecting her testimony about her migraines and her upper extremity limitations and in failing to address the 1-3 step limitation assessed by Drs. Robertson and Regrets in making an RFC determination and posing questions to the VE.

Plaintiff argues that the proper remedy the Court should order in this case is remand for further administrative hearing. Dkt. 16 at 1. The Court agrees and ORDERS the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall address the 1-3 step limitation assessed by the state agency doctors, reassess Plaintiff's testimony as to the severity of her migraine headaches and upper extremity limitations, develop the record further and redetermine Plaintiff's RFC as needed, and proceed to step five as appropriate.

Plaintiff did not challenge the ALJ's assessment of her mental health limitations and the Court accordingly affirms that portion of the ALJ's decision.

DATED this 14th day of July 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge